Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:  415-772-4707
Email  lking@kaplanfox.com
        mchoi@kaplanfox.com

Frederic S. Fox
Jeffrey P. Campisi
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue
New York, NY  10022
Telephone:  212-687-1980
Facsimile:  212-687-7714
Email: ffox@kaplanfox.com
        jcampisi@kaplanfox.com

*Attorneys for Plaintiff Alan Richards*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN RICHARDS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VIOLIN MEMORY, INC., DONALD  G. BASILE, CORY J. SINDELAR, DIXON R. DOLL, JR., HOWARD A. BAIN III, LARRY J. LANG, JEFF J. NEWMAN, MARK N. ROSENBLATT, DAVID B. WALROD, J.P. MORGAN SECURITIES LLC, DEUTSCHE BANK SECURITIES INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, BARCLAYS CAPITAL INC., ROBERT W. BAIRD & CO. INCORPORATED, and PACIFIC CREST SECURITIES LLC,<br><br>Defendants. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

CASE NO. _____

Plaintiff Alan Richards ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Violin Memory, Inc. ("Violin Memory" or the "Company") with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Violin Memory; and (c) review of other publicly available information concerning Violin Memory, including research analyst reports and media reports about the Company.

## I. NATURE AND SUMMARY OF THE ACTION

1. The claims asserted herein arise under to Sections 11, 12 and 15 of the Securities Act of 1933 (15 U.S.C. §§ 77k, 77l and 77o).

2. This is a class action on behalf of persons and/or entities who purchased or otherwise acquired the common stock of Violin Memory pursuant and/or traceable to the Company's registration statement filed with the SEC on Form S-1/A on September 16, 2013, and prospectus filed with the SEC on Form 424(b)(4) on September 27, 2013 ("Prospectus"), (collectively the "Registration Statement"), in the Company's initial public offering ("IPO") of 18 million shares of common stock at a price of $9.00 per share.

3. According to Violin Memory, the Company received net proceeds of $145.8 million in the IPO.

4. On December 12, 2013 Violin Memory shares closed at $2.50 per share.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to Section 22 of the Securities Act (15 U.S.C. § 77v).

6. Venue is proper in this Judicial District pursuant to Section 22 of the Securities Act because the Company maintains its executive offices in Santa Clara, California, and certain of the acts alleged in the complaint occurred in this Judicial District.

7.     In connection with the acts, transactions, and conduct alleged herein, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the U.S. mail, interstate telephone communications and the facilities of the national securities exchange.

**III.     PARTIES**

8.     Plaintiff purchased 4,000 share of Violin Memory common stock pursuant to the Registration Statement issued in connection with the Company's IPO from JP Morgan Securities LLC ("JP Morgan") and has been damaged thereby.

9.     Defendant Violin Memory is a Delaware corporation with its principal executive offices located at 4555 Great American Parkway, Santa Clara, California 95054.

10.     Defendant Donald G. Basile ("Basile") was, at all relevant times, President, Chief Executive Officer ("CEO") and a director of Violin Memory.  Basile signed or authorized the signing of the Company's Registration Statement filed with the SEC.

11.     Defendant Cory J. Sindelar ("Sindelar") was, at all relevant times Chief Financial Officer ("CFO") of Violin Memory.  Sindelar signed or authorized the signing of the Company's Registration Statement filed with the SEC.

12.     Defendant Dixon R. Doll, Jr. ("Doll") was, at all relevant times, Chief Operating Officer and a director of Violin Memory.  Doll signed or authorized the signing of the Company's Registration Statement filed with the SEC.

13.     Defendant Howard A. Bain III ("Bain") was, at all relevant times, the Chairman of the Board of Violin Memory. Bain signed or authorized the signing of the Company's Registration Statement filed with the SEC.

14.     Defendant Larry J. Lang ("Lang") was, at all relevant times, a director of Violin Memory. Lang signed or authorized the signing of the Registration Statement.

15.     Defendant Jeff J. Newman ("Newman") was, at all relevant times, a director of Violin Memory. Newman signed or authorized the signing of the Registration Statement.

16.     Defendant Mark N. Rosenblatt ("Rosenblatt") was, at all relevant times, a director of Violin Memory. Rosenblatt signed or authorized the signing of the Registration Statement.

17.     Defendant David B. Walrod ("Walrod") was, at all relevant times, a director of Violin Memory. Walrod signed or authorized the signing of the Registration Statement.

18.     The Defendants listed in ¶¶10-17 are collectively referred to hereinafter as the "Individual Defendants."

19.     Defendant JP Morgan served as an underwriter to Violin Memory in connection with the Offering.

20.     Defendant Deutsche Bank Securities Inc. ("Deutsche") served as an underwriter to Violin Memory in connection with the Offering.

21.     Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") served as an underwriter to Violin Memory in connection with the Offering.

22.     Defendant Barclays Capital Inc. ("Barclays") served as an underwriter to Violin Memory in connection with the Offering.

23.     Defendant Robert W. Baird & Co. Incorporated ("Baird") served as an underwriter to Violin Memory in connection with the Offering.

24.     Defendant Pacific Crest Securities LLC ("Pacific") served as an underwriter to Violin Memory in connection with the Offering.

25.     The Defendants listed in ¶¶19-24 are collectively referred to as the "Underwriter Defendants."

26.     J.P. Morgan, Deutsche Bank and Merrill Lynch, and Barclays acted as joint book-running managers of the IPO and as representatives of the Underwriters Defendants. The Company entered into an underwriting agreement with the Underwriter Defendants and agreed to sell to the Underwriters Defendants, and each of the Underwriter Defendants agreed to purchase, the number of shares of common stock listed next to its name in the following table:

/ / /

/ / /

/ / /

/ / /

/ / /

- 3 -

CASE NO. _____

| Name | Number of Shares |
|------|-----------------:|
| J.P. Morgan Securities LLC | 5,400,000 |
| Deutsche Bank Securities Inc. | 4,554,000 |
| Merrill Lynch, Pierce, Fenner & Smith Incorporated | 4,554,000 |
| Barclays Capital Inc. | 1,800,000 |
| Robert W. Baird & Co. Incorporated | 810,000 |
| Pacific Crest Securities LLC | 810,000 |
| EM Securities LLC | 72,000 |
| | 18,000,000 |

## IV.   CLASS ACTION ALLEGATIONS

27.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a Class, consisting of all persons and/or entities who purchased or otherwise acquired the common stock of Violin Memory (CUSIP: 92763A101) pursuant and/or traceable to the Company's false and misleading Registration Statement issued in connection with the Company's IPO, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

28.    The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class, as the Company offered 18 million shares of common stock in the IPO. Record owners and other members of the Class may be identified from records maintained by Violin Memory or its transfer agent.

29.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

30.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

31.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the

questions of law and fact common to the Class are: (a) whether Registration Statement contained untrue statements of material facts and/or omitted to state material facts required to be stated in the Registration Statement or necessary to make the statements in the Registration Statement not misleading; and (b) to what extent the members of the Class have sustained damages and the proper measure of damages.

32.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

**V.     VIOLIN MEMORY'S REGISTRATION STATEMENT CONTAINTED MATERIAL UNTRUE STATEMENTS AND OMITTED MATERIAL INFORMATION THAT DEFENDANTS HAD A DUTY TO DISCLOSE.**

33.     The Registration Statement represented that Violin Memory at the time of the IPO had expanded its business from "persistent memory-based storage solutions" to "flash" memory through the Company's Velocity PCIe Flash Memory Cards:

> In March 2013, we expanded our innovation in persistent memory technologies and proprietary techniques in flash management from our memory arrays to our Velocity PCIe Flash Memory Cards.  Our Velocity PCIe Flash Memory Cards leverage our expertise in persistent memory-based storage and controller design, as well as our vMOS software stack, to offer a differentiated architecture in a widely deployable PCIe form factor.  Additionally, we believe our relationship with Toshiba, a leading provider of flash memory and one of our principal stockholders, allows us to design our systems to unlock the inherent performance capabilities of flash technology and enables us to develop around new generations of flash memory rapidly.
>
> *        *        *
>
> In July 2013, we entered into a PCIe Card Development Agreement with Toshiba, pursuant to which we will develop a derivative product to our Velocity PCIe Flash Memory Card which complies with Toshiba's specifications and sell sample PCIe cards to Toshiba.  Pursuant to this agreement, Toshiba paid us $16 million.  The $16 million payment consisted of $8 million for our services to be performed for the development of the PCIe cards, and $8 million

for our sale of sample PCIe cards to Toshiba and related support services.

34.     These representations were materially false and misleading because, at the time of the IPO, Violin Memory was experiencing material difficulties building and developing PCIe Flash Memory Cards that were compliant with Toshiba's specifications, and further, the Company was experiencing material difficulties optimizing its PCIe Flash Memory Cards for its customers.  These were negative trends or uncertainties at the time of the IPO had or would have a material unfavorable impact on the Company's revenues and income from continuing operations.

35.     Moreover, the Registration Statement failed to disclose that, at the time of the IPO, the Company's sales and revenues had already been negatively affected by the reprioritization of federal agencies' budgets ahead of the federal government shutdown, which caused the Company to lose material federal projects, or caused revenue from such projects to be indefinitely deferred.

36.     For these reasons, the Registration Statement was negligently prepared and, as a result, contained untrue statements of material facts or omitted to state material facts necessary to make the statements made not misleading, and was not prepared in accordance with the applicable SEC rules and regulations governing its preparation.

**FIRST CLAIM FOR RELIEF**
**Violations of Section 11 of the Securities Act Against All Defendants**

37.     Plaintiff repeats and realleges each and every allegation contained above.

38.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k, on behalf of the Class, against all Defendants.

39.     The Registration Statement was inaccurate and misleading, it contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

40.     Violin Memory is the issuer.  As issuer of the shares, Violin Memory is strictly liable to Plaintiff and to the members of the Class who purchased pursuant and/or traceable to the Registration Statement for the materially untrue statements and omissions alleged herein.

41.     The Individual Defendants were directors at the time of the IPO and/or signed the Registration Statement or authorized it to be signed on their behalf.  The Underwriter Defendants served as underwriters with respect to the IPO.

42.     Under Section 11 and the SEC's rules and regulations, the Individual Defendants and the Underwriter Defendants owed to the purchasers of Violin Memory the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement to ensure that such statements were accurate and that they did not contain any misstatement or omission of material fact, and in the exercise of reasonable care, should have known that the Registration Statement contained misstatements and omissions of material fact.

43.     By reasons of the conduct herein alleged, the Registration Statement contained material misstatements and material omissions, and therefore the Defendants violated Section 11 of the Securities Act.

44.     On December 12, 2013 Violin Memory shares closed at $2.50 per share.

45.     As a result of the purchase or acquisition of Violin Memory stock pursuant and/or traceable to the Registration Statement, Plaintiff and member of the proposed Class have sustained damages.

## SECOND CLAIM FOR RELIEF
### Violations of Section 12 of the Securities Act Against JP Morgan

46.     Plaintiff repeats and realleges each and every allegation contained above.

47.     This Count is brought pursuant to Section 12(a)(2) of the Securities Act, 15 U.S.C. § 77(a)(2), on behalf of the Class against JP Morgan.

48.     Plaintiff purchased Violin Memory shares from JP Morgan in the IPO.  Plaintiff's trade confirmation states that his shares were "SOLD PURSUANT TO REGISTRATION STATEMENT OR WHERE PROSPECTUS OTHERWISE REQUIRED."

49.     As set forth above, the Registration Statement contained untrue statements of material fact, omitted to state other facts necessary to make the statements made therein not misleading, and omitted to state material facts required to be stated therein.

50.     JP Morgan owed to the purchasers of Violin Memory the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement to ensure that such statements were accurate and that they did not contain any misstatement or omission of material fact.  JP Morgan, in the exercise of reasonable care, should have known that the Registration Statement contained misstatements and omissions of material fact.

51.     Plaintiff and the other members of the Class purchased or otherwise acquired Violin Memory common stock pursuant to the Registration Statement, and neither Plaintiff nor the other Class members knew, or in the exercise of reasonable diligence could have known, of the untruths, inaccuracies and omissions contained in the Registration Statement.

52.     Plaintiff, individually and on behalf of the Class, hereby offers to tender to JP Morgan those shares that plaintiff and the other Class members continue to own, in return for the consideration paid for those shares together with interest thereon.  Class members who have sold their shares are entitled to damages.

## THIRD CLAIM FOR RELIEF
### Violations of Section 15 of the Securities Act Against the Individual Defendants

53.     Plaintiff repeats and realleges each and every allegation contained above.

54.     This Count is brought pursuant to Section 15 of the Securities Act against the Individual Defendants.

55.     The Individual Defendants were each a control person of Violin Memory by virtue of his position as a director and/or senior officer of Violin Memory.

56.     As a control person of Violin Memory, the Individual Defendants are liable jointly and severally with and to the same extent as Violin Memory for its violation of Sections 11 of the Securities Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows: declaring this action to be a proper class action; awarding rescission and/or damages, including interest; awarding reasonable costs, including attorneys' fees; and such equitable/injunctive relief as the Court may deem proper.

- 8 -                                          CASE NO. _____

1

**JURY DEMAND**

2

Plaintiff demands a trial by jury.

3

DATED:  December 17, 2013                    KAPLAN FOX & KILSHEIMER LLP

4

By:  /s/ *Laurence D. King*

5

Laurence D. King

6

Laurence D. King (SBN 206423)

7

Mario M. Choi (SBN 243409)
350 Sansome Street, Suite 400

8

San Francisco, CA 94104
Telephone:  415-772-4700

9

Facsimile:  415-772-4707
Email  lking@kaplanfox.com
                mchoi@kaplanfox.com

10

11

KAPLAN FOX & KILSHEIMER LLP
Frederic S. Fox

12

Jeffrey P. Campisi
850 Third Avenue

13

New York, NY  10022
Telephone:  212-687-1980

14

Facsimile:  212-687-7714
Email: ffox@kaplanfox.com

15

jcampisi@kaplanfox.com

16

*Counsel for Plaintiff Alan Richards and the*
*Proposed Class*

17

18

19

20

21

22

23

24

25

26

27

28



## CERTIFICATION

I, Alan Richards, hereby certify and swear as follows:

1. I have reviewed a complaint against Violin Memory, Inc. alleging violations of the securities laws and authorize the filing of a complaint;

2. I am willing to serve as a representative party on behalf of a class, or to be a member of a group representing a class, including providing testimony at deposition and trial, if necessary;

3. I have not within the 3-year period preceding the date hereof sought to serve, or served, as a representative party on behalf of a class in an action brought under the federal securities laws, unless noted hereafter:

4. The following is a description of my transactions in the common stock of Violin Memory, Inc. since the Company's IPO:

| Transaction | Quantity | Price Per Share | Date |
|---|---|---|---|
| Purchase | 4,000 | $9.00 | 9/27/2013 |
| Sold | 2,000 | ~~$6.88~~ $6.85 AR | 10/30/2013 AR |

5. I did not purchase Violin Memory, Inc. common stock at the direction of my counsel, or in order to participate in any private action under the federal securities laws;

6. I will not accept any payment for serving as a representative party on behalf of a class beyond my pro rata share of any recovery, except as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Alan Richards

Date: December 8, 2013